UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JUAN CARLOS URIBE,

                           Plaintiff,

            -against-

THE CITY OF NEW YORK; New York City Police Department Officer ("P.O.") LUIS FERNANDEZ, Shield No. 17933; P.O. MICHAEL DOSSANTOS, Shield No. 13433; Supervisory Officer John Doe1; and P.O. JOHN DOE 2 through P.O. JOHN DOE 4 (the name John Doe being fictitious, as the true names and shield numbers are presently unknown), in their individual and official capacities,

                          Defendants.
------------------------------------------------------------------X

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, LUIS FERNANDEZ AND MICHAEL DOS SANTOS**

JURY TRIAL DEMANDED

10 Civ. 5559 (NRB)

        Defendants City of New York, Luis Fernandez and Michael Dos Santos, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek an award of damages and fees as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to proceed and to invoke this Court's jurisdiction as stated therein.

        5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue in the Southern District of New York as stated therein.

6. The allegations set forth in paragraph "6" of the complaint constitute conclusions of law rather than averments of fact; accordingly, no response is required.

7. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that defendant City of New York is a municipal entity existing under the laws of the State of New York and that the City maintains a police department, respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department, and state that the allegation that "Defendant assumes the risks incidental to the maintenance of a police force and the employment of police officers" is a conclusion of law, rather than an averment of fact, to which no response is required.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendants Luis Fernandez and Michael Dos Santos were employed by defendant City of New York as police officers and remain so employed, that plaintiff purports to sue the defendants as stated therein, and deny knowledge or information sufficient to form a belief as to the truth of the allegation pertaining to any "John Doe" defendants.

10. The allegations set forth in paragraph "10" of the complaint constitute conclusions of law rather than averments of fact; accordingly, no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that events involving plaintiff and defendants Luis Fernandez and Michael Dos Santos occurred on February 12, 2009 in front of 3589 Broadway, in the County and State of New York.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was in possession of a knife.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admit that a gravity knife was recovered from plaintiff.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was arrested and transported to the 30th Precinct.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was transported to Central Booking.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff was charged on docket number 2009012123 on the charge of criminal possession of a weapon in the third degree, P.L. § 265.02(1).

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that the criminal court complaint was sworn to by defendant Luis Fernandez .

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff made a criminal court appearance on February 18, 2009 and that the charge against him was dismissed on motion of the District Attorney o May 14, 2009.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's alleged injuries.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint, including all subparts.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

40. The allegations set forth in paragraph "40" of the complaint constitute conclusions of law, rather than averments of fact; accordingly, no response is required.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint, including all subparts.

48. Deny the allegations set forth in paragraph "48" of the complaint, including all subparts.

49. Deny the allegations set forth in paragraph "49" of the complaint, including all subparts, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding any statements made by Paul J. Browne, Adil Polanco and any unidentified individual, any conclusions or rulings made by the New York City Office of Collective Bargaining, and the allegations concerning Kieran Creighton.

50. Deny the allegations set forth in paragraph "50" of the complaint, including all subparts, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Mollen Commission, the Office of Special Prosecutor, any statements made by Raymond W. Kelly, and any statistics regarding the CCRB.

51. Deny the allegations set forth in paragraph "51" of the complaint, including all subparts, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any conclusions made by the Mollen Commission, statements made by Robert Daly, Pedro Corniel, Robert Morgenthau, Dennis Kim, Sean Spencer, Benjamin Ward, Monica Ryan and Caroline Chen, and any investigations conducted by the U.S. Attorney's Office.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint, including all subparts.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Paragraph "62" of the complaint sets forth a demand for a trial by jury rather than any averments of fact; accordingly, no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

63. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

64. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

65. At all times relevant to the acts alleged in the complaint, Defendant City and their agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE:

66. Plaintiff provoked any incident.

**AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE:**

67. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties and was not the proximate result of any act of defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

68. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

69. Punitive damages cannot be recovered from the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

70. Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

71. There was probable cause to detain, arrest, and prosecute plaintiff.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

72. Defendants Luis Fernandez and Michael Dos Santos have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, they are protected by qualified immunity.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

73. Plaintiff's state law claims, if any, may be barred for failure to comply with N.Y. Gen. Mun. L. §§ 50-e, et seq.

**WHEREFORE,** defendants City of New York, Luis Fernandez and Michael Dos Santos respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           October 18, 2010

                                            MICHAEL A. CARDOZO
                                              Corporation Counsel of
                                              the City of New York
                                            Attorney for Defendants City of New York,
                                            Luis Fernandez and Michael Dos Santos
                                            100 Church Street, Room 3-196
                                            New York, New York 10007
                                            P: 212-788-0893
                                            F: 212-788-9776
                                            pfrank@law.nyc.gov

                                   By:            /s/
                                            _____
                                            Philip S. Frank
                                            Assistant Corporation Counsel

TO:    BY E.C.F.
       David B. Rankin, Esq.
       Attorney for Plaintiff
       350 Broadway—Suite 700
       New York, New York 10013
       P: 212-226-4507
       F: 212-658-9480
       David@DBRankinLaw.com

Index No.  10 Civ. 5559 (NRB)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JUAN CARLOS URIBE,<br><br>          Plaintiff,<br><br>      -against-<br><br>THE CITY OF NEW YORK; New York City Police Department Officer ("P.O.") LUIS FERNANDEZ, Shield No. 17933; P.O. MICHAEL DOSSANTOS, Shield No. 13433; Supervisory Officer John Doe1; and P.O. JOHN DOE 2 through P.O. JOHN DOE 4 (the name John Doe being fictitious, as the true names and shield numbers are presently unknown), in their individual and official capacities,<br><br>          Defendants. |
| **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, LUIS FERNANDEZ AND MICHAEL DOS SANTOS** |
|   MICHAEL A. CARDOZO<br>  *Corporation Counsel of the*<br>  City of New York<br>  *Attorney for Defendants City of New York, Luis Fernandez and Michael Dos Santos*<br>  100 Church Street<br>  New York, New York 10007<br>  Of Counsel:  Philip S. Frank<br>  Tel:  (212) 788-8684 |
| *Due and timely service is hereby admitted.*<br><br>*New York, New York. .................................... , 2010*<br><br>*........................................................................ Esq.*<br><br>*Attorney for ................................................................* |